IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOROTHY AARON,

                    Plaintiff,

          v.                                        1:14-cv-00408-WSD

GWINNETT COUNTY SCHOOL
DISTRICT, J. ALVIN WILBANKS,
CEO, and GWINNETT COUNTY
BOARD OF EDUCATION.

                    Defendants.

## OPINION AND ORDER

This matter is before the Court on the Defendants' Joint Motion to Dismiss the Complaint for insufficient service of process, and failure to state a claim against Defendants Gwinnett County School District ("GCSD"), Gwinnett County Board of Education ("GCBE"), and J. Alvin Wilbanks, the Superintendent of the GCSD ("Wilbanks") [7].

## I.    BACKGROUND

On November 8, 2013, Plaintiff Dorothy Aaron ("Plaintiff") filed a Complaint against GCSD in the Superior Court of Gwinnett County, Georgia, in which she alleged that GCSD was liable for personal injuries sustained by her

daughter in two school bus accidents that occurred on November 11, 2011, and November 14, 2011.  On January 9, 2014, Plaintiff amended her Complaint in the state court action to add GCBE and Wilbanks as additional defendants, and asserted claims, against GCSD, GCBE and Wilbanks, under 42 U.S.C. § 1983, 42 U.S.C. § 1985, Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), the Individuals with Disabilities Education Act (20 U.S.C. § 1400 et seq.), Title IX of the Civil Rights Act (20 U.S.C. § 1681, et seq.) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794.).

Plaintiff contends that her daughter is a special needs child, who was not restrained in a seat belt at the time of the accidents, and that Defendants are responsible for her daughter's injuries because they allegedly failed to enact policies or training programs to accommodate her daughter's disability.

On February 11, 2014, the Defendants filed a Notice of Removal, and removed the state court action to this Court.  On February 18, 2014, Defendants moved to dismiss the Plaintiff's Complaint for insufficient service of process, and

for failure to state a claim upon which relief can be granted.[1]  Defendants argue that Plaintiff failed to make proper service on GCSD because Plaintiff served the Amended Complaint on the clerk of the GCSD's Chief Executive Officer, but in doing so did not include a summons with the Amended Complaint.  Defendants also argue that Plaintiff failed to make proper service on GCBE and Wilbanks because she did not serve them with the summons or the Amended Complaint.

On March 31, 2014, Plaintiff filed a document entitled "Rep[ly] to the Defendants' Informal Answer and Pre-requests [sic] Motion to Amend her Complaint due to Improper Service," in which she acknowledged her failure to serve the Defendants, but stated that she requested the Defendants to waive service of a summons [12].  To date, Plaintiff has not served any Defendant in this action, and no Defendant has waived service of a summons.[2]

---

[1] "Valid service is a prerequisite for a federal court to assert personal jurisdiction over a defendant."  Bailew v. Mortgage Serv. Corp., 491 F. App'x 25, 26 (11th Cir. 2012).  Because the Court concludes that Plaintiff did not effectuate proper service on the Defendants in this action, the Court does not have personal jurisdiction over the Defendants, and this case is required to be dismissed without prejudice. Accordingly, Defendants' Motion to Dismiss the Complaint for failure to state a claim is **DENIED AS MOOT**.  See id. (affirming the dismissal of plaintiff's Complaint for insufficient service of process, and rejecting the plaintiff's argument that the district court should have examined its subject-matter jurisdiction before dismissal because there was no personal jurisdiction over the defendants).

[2] Rule 4(d) of the Federal Rules of Civil Procedure and O.C.G.A. § 9-11-4(d) impose a duty on an individual, corporation or association, to avoid unnecessary

## II.    DISCUSSION

### A.    Legal Standard

Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure permit dismissal of a complaint for insufficient process and insufficient service of process, respectively.  Fed. R. Civ. P. 12(b)(4), (5).

The requirements for process and service of process are provided for in Federal Rule of Civil Procedure 4.  Rule 4(c) requires that a summons must be served with a copy of the complaint, and the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  When a case is removed from state court, courts have generally held that the 120-day period for perfecting service of process begins at

---

expenses of serving the summons, and allow a plaintiff to notify such defendants that an action has been commenced and request that these defendants waive service of a summons.  These rules do not impose a duty on a federal or state governmental organization to avoid unnecessary expenses of having the plaintiff serve the summons along with the complaint, and thus the Defendants in this matter are under no duty to waive service.

the time of removal.  See, e.g., Buckley v. Bayrock Mortg. Corp., No. 1:09-CV-1387, 2010 WL 476673, at *4 n.6 (N.D. Ga. Feb. 5, 2010); Igbinigie v. Wells Fargo Bank, N.A., No. 3:08-CV-58, 2008 WL 4862597, at *2 (M.D. Ga. Nov. 10, 2008).  Where service was unsuccessful before removal, the district court may issue a new summons for the plaintiff.  See 28 U.S.C. § 1447(a).

Rule 4(e) provides that an individual may be served by:

(1)  following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2)  doing any of the following:
    (A)  delivering a copy of the summons and of the complaint to the individual personally;
    (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Similarly, Georgia law requires service to be made upon the defendant personally, or at his residence, or upon his agent.  O.C.G.A. § 9-11-4(e)(2), (7).

Rule (4)(j)(2) of the Federal Rules provides that a State, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A)  delivering a copy of the summons and of the complaint to its chief executive officer; or

(B)  by serving a copy of each in the manner prescribed by that
      state's law for serving a summons or like process on such a
      defendant . . . .

Fed. R. Civ. P. 4(j)(2).  Under Georgia law, a plaintiff serves process on a School

District or on the County Board by delivering a copy of the summons and

complaint "to the chief executive officer or clerk thereof."  O.C.G.A.

§ 9-11-4(e)(5); see Foskey v. Vidalia City School, 574 S.E.2d 367, 372 (Ga. Ct.

App. 2002) (applying O.C.G.A. § 9-11-4(e)(5) to the Vidalia City School District

and the Vidalia City Board of Education).

      Ultimately, a plaintiff is responsible for timely serving process on the

defendant.  Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 347 (11th Cir.

2006) ("A plaintiff is responsible for serving the defendant with both a summons

and the complaint within the time permitted under Rule 4(m).").  The Eleventh

Circuit has held that "service of process that is not in 'substantial compliance' with

the requirements of the Federal Rules is ineffective to confer personal jurisdiction

over the defendant, even when a defendant has actual notice of the filing of the

suit."  Abele v. City of Brooksville, Fla., 273 F. App'x 809, 811 (11th Cir. 2008)

(citing Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries, 353 F.3d 916, 925

(11th Cir. 2003)).  When a defendant challenges service of process, "the serving

party bears the burden of proving its validity or good cause for failure to effect

timely service." <u>Sys. Signs Supplies v. U.S. Dep't of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990).

While courts "are to give liberal construction to the pleadings of *pro se* litigants," such generosity does not excuse pro se litigants from failing "to conform to procedural rules." <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007) (quotes and cite omitted); <u>see also</u> <u>Nelson v. Barden</u>, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)) (dismissing *pro se* litigant's case for failure to effect timely service of process because "a [party's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules"). Plaintiff is required to comply with the procedural rule here, and any "[f]ailure to understand Rule 4(m) does not excuse [her] failure to provide timely service." <u>Cain v. Abraxas</u>, 209 F. App'x 94, 96 (3rd Cir. 2006).

B.   <u>Analysis</u>

Plaintiff was required to perfect service of process on Defendants by, at the latest, June 10, 2014.[3]  The filing of Defendants' Notice of Removal and their Motion to Dismiss put Plaintiff on notice of the alleged defects in service.

---

[3]  Under Rule 4(m) of the Federal Rules of Civil Procedure, the 120 day period expired on Tuesday, June 10, 2014.

Plaintiff failed to properly serve Defendant GCSD because she did not serve a copy of the summons with the copy of the Amended Complaint that was delivered to the clerk of the Chief Executive Officer of GCSD.  [1 at Ex. 8].  Rule 4(c) requires that a copy of the summons *must* be served *along* with a copy of the complaint to each defendant.  Turner v. United States, 203 F. App'x 952, 954 (11th Cir. 2006).  Plaintiff did not make service of process on GCSD because GCSD was not served with a summons.  See id. (finding that although a *pro se* plaintiff properly served the complaint on the defendant, he did not include a summons, "thereby failing to effect service pursuant to Rule 4.").  To date, Plaintiff has not personally served Defendant Wilbanks in accordance with Rule 4(e) of the Federal Rules of Civil Procedure and O.C.G.A. § 9-11-4(e)(2), and Plaintiff has not served GCBE by delivering a copy of the summons and the Amended Complaint to its Chief Executive Officer or clerk, in accordance with Rule 4(j)(2) and O.C.G.A. § 9-11-4(e)(5).

Because Plaintiff failed to perfect service on any of the Defendants within the 120 days allowed by Rule 4(m) of the Federal Rules of Civil Procedure, and has failed to show cause or attempted to show cause for this failure, Defendants are required to be dismissed.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss for insufficient service of process is **GRANTED** [7].

**IT IS FURTHER ORDERED** that the remaining Motions pending in this matter are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 19th day of August 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE