IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOROTHY AARON,

    Plaintiff,

v.

GWINNETT COUNTY SCHOOL
DISTRICT, J. ALVIN WILBANKS,
GWINNETT COUNTY BOARD OF
EDUCATION,

    Defendants.

1:14-cv-00408-WSD

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Dorothy Aaron's

("Plaintiff") Motion for Reconsideration of the Court's Order dismissing this

action without prejudice for failure to perfect service of process [16], and

Plaintiff's Motions for Leave to File Excess Pages [17, 19].

## I.   BACKGROUND

### A.   Facts

On November 8, 2013, Plaintiff filed her Complaint against the Gwinnett

County School District ("GCSD") in the Superior Court of Gwinnett County,

Georgia. In the action, she alleges that GCSD was liable for personal injuries

sustained by her daughter in two school bus accidents that occurred on November

11, 2011, and November 14, 2011.  Plaintiff contends that her daughter, a special needs child, was not restrained in a seat belt at the time of the accidents, and, as a result, Defendants are responsible for her daughter's injuries because they allegedly failed to enact policies or training programs to accommodate her daughter's disability.

On January 9, 2014, Plaintiff filed her Amended Complaint in the Superior Court to add the Gwinnett County Board of Education ("GCBE") and J. Alvin Wilbanks ("Wilbanks"), the Superintendent of the GCSD, as additional defendants. Plaintiff asserts claims against GCSD, GCBE and Wilbanks, under 42 U.S.C. § 1983, 42 U.S.C. § 1985, Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d et seq.), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), the Individuals with Disabilities Education Act (20 U.S.C. § 1400 et seq.), Title IX of the Civil Rights Act (20 U.S.C. § 1681, et seq.) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

Plaintiff's original Complaint was served on Donna Parks, an "insurance specialist" employed by the GCSD.  The Complaint was not served on GCSD's Chief Executive Officer ("CEO") or the Clerk of the School District.  Plaintiff sought to serve the Amended Complaint on the CEO by delivering a copy of the

2

Amended Complaint to the CEO's assistant.  A copy of the summons was not

delivered with the Amended Complaint.  Neither the Amended Complaint nor the

summons was served on GCBE or Wilbanks.

On February 11, 2014, the Defendants removed the state court action to this

Court.[1]  On February 18, 2014, Defendants moved to dismiss the Plaintiff's

Amended Complaint for insufficient service of process.  Defendants argued first

that service on GCSD was insufficient because Plaintiff served the Amended

Complaint only on GCSD's CEO's assistant, and in seeking to make service failed

to include a summons with the Amended Complaint.  Defendants also argued that

Plaintiff failed to make proper service on GCBE and Wilbanks because she did not

---

[1] Removal is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because
Plaintiff's Amended Complaint raises federal claims.  Under 28 U.S.C. § 1448, a
case may be removed from the state court even if a defendant has not been served
with process, and "process . . . may be completed or new process issued in the
same manner as in cases originally filed in such district court."  See 28 U.S.C.
§ 1448.  Here, Plaintiff's attempted service of process occurred while the case was
pending in the Superior Court of Gwinnett County.  The Court thus "consider[s]
the sufficiency of process after removal and does so by looking to the state law
governing process."  See Usatorres v. Marina Mercante Nicaraguenses, S.A.,
768 F.2d 1285, 1286 n.1 (11th Cir. 1985).  "In actions removed from state court,
the sufficiency of service of process prior to removal is determined by the law of
the state from which the action was removed."  Moore v. McCalla Raymer, LLC,
916 F. Supp. 2d 1332, 1339 (N.D. Ga. 2013) (internal quotation marks and
citations omitted).  "After removal the sufficiency of [post-removal] service of
process is determined according to federal law."  Id.

serve them with the summons or the Amended Complaint.

On August 19, 2014, the Court granted the Defendants' Motion to Dismiss for insufficient service of process. The Court concluded that Plaintiff failed to properly serve Defendant GCSD with the Amended Complaint because she did not serve a copy of the summons when the Amended Complaint was delivered to the CEO's assistant. The Court also concluded that Plaintiff did not personally serve Defendant Wilbanks in accordance with O.C.G.A. § 9-11-4(e)(2), and did not serve GCBE by delivering a copy of the summons and the Amended Complaint to its Chief Executive Officer or clerk, as required by O.C.G.A. § 9-11-4(e)(5). The Court dismissed the action without prejudice for failure to perfect service.

On September 9, 2014, Plaintiff moved for reconsideration of the Court's Order dismissing the action for failure to perfect service on the Defendants. Plaintiff claims that service on Defendant GCSD was sufficient because the Sheriff's entry of service shows that a "copy of the within action and summons" was left with Wilbanks' assistant. Plaintiff ultimately concedes that the summons was not, in fact, delivered to GCSD even though the entry of service represents that it was.[2]

---

[2] Plaintiff claims that the Gwinnett County Clerk of Court told her that a summons was not delivered because Georgia law does not require a summons to be re-issued with an Amended Complaint. Plaintiff claims that the Clerk of Court "either

Plaintiff does not seek reconsideration of the Court's decision to dismiss Defendants GCBE and Wilbanks for failure to perfect service.

## II.   DISCUSSION

A.   Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)."  Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).  Whether under Rule 59(e) or 60(b), the Court does not reconsider its orders as a matter of routine practice.  LR 7.2 E., N.D. Ga.

A motion for reconsideration may not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003);

---

misrepresented the truth in tampering with her summons and Court evidence by either not providing a summons to the Deputy, or that the [s]ummons was provided along with the required documents but later, the Clerk that has access to the file removed the [s]ummons in fostering the appearance that Plaintiff, herself failed to serve a summons."  Pl.'s Mot. for Reconsideration at 13.  These conclusory, speculative allegations are not supported by any evidence.

see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time."). Whether to grant a motion for reconsideration is within the sound discretion of the district court.  See Region 8, 993 F.2d at 806.

B.    Analysis

1.    *Service on GCSD*

Courts "are to give liberal construction to the pleadings of *pro se* litigants," but *pro se* litigants are not excused from failing "to conform to procedural rules." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (quotes and cite omitted); Wilkinson v. Udinsky, 530 S.E.2d 215, 217 (Ga. Ct. App. 2000).  Plaintiff's failure to understand the procedural rules does not excuse the obligation to timely serve Defendant GCSD.  Id.

Under Georgia law, the summons and complaint must be served together. See O.C.G.A. § 9–11–4(e).  The summons must (1) be signed by the clerk; (2) contain the names of the court, county, and parties; (3) be directed to the

defendant; (4) state the name and address of the plaintiff's attorney or the plaintiff; (5) state the statutory time limit in which the defendant must appear; and (6) inform the defendant that if he does not appear, default judgment may be rendered against him.  See O.C.G.A. § 9–11–4(b).  Under O.C.G.A. § 9-11-4(e)(5), a plaintiff serves process on a School District by delivering a copy of the summons and complaint "to the chief executive officer or clerk thereof."  See O.C.G.A. § 9-11-4(e)(5); Foskey v. Vidalia City School, 574 S.E.2d 367, 372 (Ga. Ct. App. 2002) (applying O.C.G.A. § 9-11-4(e)(5) to the Vidalia City School District and the Vidalia City Board of Education).

On November 13, 2013, Plaintiff served the original Complaint on Donna Parks, an insurance specialist employed by GCSD.  Plaintiff concedes that serving the original Complaint on Parks was not sufficient to perfect service because Parks is not the CEO or clerk of GCSD.  See O.C.G.A. § 9-11-4(e)(5); Foskey, 574 S.E.2d  at 372.

Plaintiff next argues that proper service was made on GCSD when the Amended Complaint was served before the action was removed to this Court.  The Court disagrees.  On January 13, 2014, a Gwinnett County Deputy Sheriff served the Amended Complaint on GCSD.  The Amended Complaint that was delivered to the Deputy Sheriff was not accompanied by a summons.  See Pl.'s Mot. for

Reconsideration at 8,13, and 32.  Under Georgia law, the Clerk of Court issues a summons and delivers it for service upon the filing of an original Complaint.  See O.C.G.A. § 9-11-4(a).  A summons is not required to be served with an Amended Complaint because Georgia law does not require a defendant to answer an Amended Complaint.  See Shields v. Gish, 629 S.E.2d 244, 247 (Ga. Ct. App. 2006).  The Clerk of Court issues separate or additional summons if a plaintiff requests them to be issued.  See O.C.G.A. § 9-11-4(a).  A plaintiff may overcome a failure to make proper service of an original Complaint by showing that service of an Amended Complaint complied with service of process requirements under Georgia law.[3]  See Diaz v. First Nat. Bank of Tucker, 241 S.E.2d 467, 468 (Ga. Ct. App. 1978).

Plaintiff admits that the original Complaint was not properly served on GCSD because she delivered the summons and the original Complaint only to GCSD's insurance specialist, and not the CEO or Clerk of GCSD.  Plaintiff did not thereafter request that a summons be issued and served with the Amended Complaint filed on January 9, 2014.  As a result, the Amended Complaint was not served with a summons and GCSD never received a summons in this action.

---

[3] Proper service of process under Georgia law is sufficient for a federal court in Georgia to exercise jurisdiction over an action removed to federal court.  See Usatorres, 768 F.2d at 1286 n.1.

O.C.G.A. § 9–11–4(e) requires that a copy of the summons must be served along with a copy of the complaint to each defendant.  See Merck v. Saint Joseph's Hosp. of Atlanta, Inc., 555 S.E.2d 11, 13 (Ga. Ct. App. 2006).  Plaintiff did not make service of process on GCSD because GCSD was not served with a summons when the Deputy Sheriff delivered the Amended Complaint to the CEO's assistant. See id. (finding that *pro se* plaintiff failed to properly serve the complaint on the defendant because the complaint was not accompanied by a summons).  Plaintiff did not cure this defect by requesting the Clerk to issue a separate summons with the Amended Complaint.  The uncontested evidence shows that service was not perfected on GCSD.

Plaintiff alleges that the Clerk of Court "tampered" with the summons or deliberately removed the summons from the Court file, but these conclusory and speculative allegations are contradicted by the admissions in Plaintiff's brief. According to Plaintiff, the Clerk of Court told her that a summons was not issued because it was not required to be sent with an Amended Complaint.  Plaintiff was responsible for requesting the Clerk to issue a separate summons with her Amended Complaint, so that GCSD could be served properly.

Plaintiff failed to request that a summons be issued with a copy of the Amended Complaint, and the failure to serve a summons constitutes grounds for

dismissal of this action without prejudice.  See Diaz, 241 S.E.2d at 468; Pascoe Steel Corp. v. Turner Cty. Bd. of Edu., 227 S.E.2d 887, 888 (Ga. Ct. App. 1976) (holding that plaintiff failed to perfect service of process because defendant was served only with the amendment to the complaint, and the record showed that no summons was issued).  For these reasons, the Motion for Reconsideration is required to be denied.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED** [16].

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Leave to File Excess Pages are **DENIED AS MOOT** [17, 19].


**SO ORDERED** this 23rd day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

10